McKIERNAN v. BALLIN et al.

(Supreme Court, Appellate Term.   March 7, 1899.)

1. WITNESSES—CROSS-EXAMINATION—RELEVANCY.
   In an action for commissions on orders taken for goods, the principal claimed that he was not liable on certain orders, which were rejected because the salesman was not authorized to sell such goods.   The salesman, having on direct examination given in evidence a statement of the orders he had sent in, was asked on cross-examination if he had not taken a certain order, which was contained in the statement, and which the principal claimed was for goods which the salesman was not authorized to sell.   Held, that the question was proper.

2. TRIAL—EXCLUSION OF EVIDENCE—OBJECTIONS.
   Where an objection to a question can easily be obviated, and the testimony sought is relevant, it is improper to exclude the question without an assignment of the ground of objection.

3. PRINCIPAL AND AGENT—ACTION FOR COMMISSIONS—EVIDENCE.
   In an action for commissions, the principal claimed he was not liable on certain orders sent in by the salesman, which were rejected because the parties were irresponsible.   The salesman testified that he had not been told that some orders had been rejected, and the reason therefor, and he gave in evidence a statement of all orders he had sent in.   Held, that testimony of the principal to a conversation between himself and the salesman concerning one whose order had been rejected was relevant.

Appeal from municipal court, borough of Manhattan, First district.
Action by John B. McKiernan against Malinda Ballin and others. From a judgment for plaintiff, defendants appeal.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Benjamin Patterson, for appellants.
Martin H. Murphy, for respondent.

MacLEAN, J.   Having given evidence of an arrangement with the defendants (appellants) whereby he was to receive, upon orders, a commission varying according to the value of the merchandise, the plaintiff's assignor testified that, after getting his line of samples, he had procured orders, and sent them to be filled to the defendants; that he had not been informed whether the orders had been filled at all, and that he had not been told, whenever he called, that some of the orders had not been filled, and why; and, further, that he had sent in a statement, which, having been produced by the defendants, was received in evidence as representing all the orders sent, all the sales, the names of the persons to whom the sales were alleged to have been made, and the amounts.   Upon cross-examination the

same witness said the samples of shirts furnished him had no cuffs, that he had taken orders for shirts with cuffs, and that he had been informed in one case that an order had been rejected for that reason, but that this was not true in three or four cases. Then he was asked, "Didn't you take an order from Harris & Mowry for * * * shirts with cuffs?" But, on being "objected to as no part of the testimony in chief," the question was excluded, with the remark, "You are trying to prove your case by this witness." Neither the ground given for the objection on behalf of the plaintiff, nor the reason for the ruling offered by the justice was good, as the question was relevant to the taking of one of the orders respecting which the witness had given evidence upon his direct examination by the statement introduced in support of the plaintiff's case. After one of the defendants had stated that he saw the assignor, a traveling salesman, at their place of business from time to time, that he had gone once with him to the shipping room, and there pointed out on the list the orders to be filled, and said that those rejected were in the office below, and also that he used to see him about once a month, the justice, of his own motion, and without suggesting any reason for so doing, excluded the question, "Of what orders did you speak to him whenever you saw him?" The question was open to an objection which the plaintiff's counsel might urge or disregard,—an objection easily obviated when stated; but as the evidence asked for was relevant in contradiction of the assertions of the plaintiff's sole witness, as related above, the question might not be excluded without assigning the ground therefor. Later on, the same defendant testified that he had talked with the assignor on an occasion, of which he gave the date in answer to a question by the justice, who then inquired: "What was the conversation?" and the witness said he had told the assignor they could not get any information in reference to one Taylor, whereupon his own counsel asked, "What did you tell him besides that?" And after the defendant had begun his reply, and stated that the firm had written to different people for references, he was interrupted with, "Objected to," by plaintiff's counsel, and his answer stricken out, without the assignment of any ground, although the statement, so far as made, was relevant to the evidence previously introduced on the part of the plaintiff. As an exception was duly taken to each of these rulings, each was reversible error, and the judgment should be reversed, with costs to the appellants to abide the event. This necessary disposition of the appeal renders needless any discussion of certain incidents occurring during and after the trial, and much dwelt upon by both parties upon the argument.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.

FREEDMAN, P. J. I am satisfied that the exclusion of the evidence referred to by Mr. Justice MacLEAN was error. The judgment should therefore be reversed, and a new trial ordered, with costs to the appellants to abide the event.